IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Martha Cecilia Reza Saenz, Veronica Reza Saenz, Jose Raymundo Moran Castillo, Carlos Roman-Bustamante, Nelida Dimas-Zavala, Blanca Flora, Adriana Fernandez Guillen Sandoval, Huber Giles, Reyna Jop-Canseco, Gabriela Vazquez Chavez, Ruben Flores Villalobos, Manuel Gaytan Quintana, Delia Garzona Garcia De Moran, William De Jesus Santiago Jop, Adolfo Delgado Mendoza, Alfredo Arce-Abarca, Silvia Raygoza-Robles, Carolina Roman Roman Garcia, Karina Avila Trejo, Fidel Garcia-Flores, Edgar Eduardo Garzona Garcia, Ademir Alejandro Galvan Hernandez, Elias Garcia-Bustamante, Samuel Ramirez-Ojeda, Pedro Bahena-Guadarrama, Bilmer Ojeda-Chavez, and Maria Elena Brito-Martinez individually and on behalf of other employees similarly situated, Plaintiffs<br>v.<br>Fisher Container Corp. and Michael D. Fisher, individually, Defendants | |

**COMPLAINT**

Plaintiffs Martha Cecilia Reza Saenz, Veronica Reza Saenz, Jose Raymundo Moran Castillo, Carlos Roman-Bustamante, Nelida Dimas-Zavala, Blanca Flora, Adriana Fernandez Guillen Sandoval, Huber Giles, Reyna Jop-Canseco, Gabriela Vazquez Chavez, Ruben Flores Villalobos, Manuel Gaytan Quintana, Delia Garzona Garcia De Moran, William De Jesus Santiago Jop, Adolfo Delgado Mendoza, Alfredo Arce-Abarca, Silvia Raygoza-Robles, Carolina Roman Roman Garcia, Karina Avila Trejo, Fidel Garcia-Flores, Edgar Eduardo Garzona Garcia, Ademir Alejandro Galvan Hernandez, Elias Garcia-Bustamante, Samuel Ramirez-Ojeda, Pedro Bahena-Guadarrama, Bilmer Ojeda-Chavez, y Maria Elena Brito-Martinez individually, and on behalf of other employees similarly situated, (collectively, "Plaintiffs") through counsel, complain against Fisher Container Corp. ("Fisher") and Michael D. Fisher, individually, (collectively, "Defendants") for violations of 29 U.S.C. § 201 *et seq*., commonly known as the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq*., commonly known as the Illinois Minimum Wage Law ("IMWL"). In support of their complaint, the Plaintiffs state:

## INTRODUCTION

1. This case seeks to remedy Defendants' willful and reckless companywide practices that have denied hundreds of Defendants' employees their earned overtime wages.

2. Defendants operate a packaging company in Buffalo Grove Illinois that systematically, willfully, and recklessly failed to pay employees their earned overtime wages.

3. Plaintiffs regularly worked more than forty hours weekly, but were not paid at the rate of one and one-half times of all of their regular hourly rate for all time worked over forty hours weekly.

4. Defendants' unlawful and willful compensation practices have denied Plaintiffs and other similarly situated Plaintiffs their earned overtime wages.

5. Plaintiffs, on behalf of themselves, and all others similarly situated, seek equitable and declaratory relief, compensatory damages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6. 28 U.S.C. §1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

7. 28 U.S.C. §1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

8. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

9. Plaintiffs reside in and are domiciled within this judicial district.

10. Each Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

11. Each Defendant was Plaintiffs' employer as defined by the FLSA and IMWL.

12. During their employment, Plaintiffs' work activities engaged them individually in commerce.

13. During their employment, Plaintiffs handled goods and equipment including packaging materials, machinery, equipment, supplies, and tools that moved or were intended to move in interstate commerce.

14. Defendant Fisher is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. Defendants' annual gross sales exceeded $500,000.00 in the relevant employment period.

16. Defendant Michael D. Fisher is the president of Fisher.

17. Defendant Michael D. Fisher is involved in the day-to-day business operations of Fisher, has authority to hire and fire employees, direct and supervise employees' work, sign on Defendants' checking accounts, including payroll accounts, and decides employee compensation and capital expenditures.

18. Defendant Michael D. Fisher resides and is domiciled in this judicial district.

19. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years before Plaintiffs filing this lawsuit, Defendants scheduled Plaintiffs to work more than forty (40) hours per week in one or more individual work weeks.

20. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years before Plaintiffs filing this Complaint, Plaintiffs did work more than forty (40) hours per week in one or more individual work weeks.

21. In the three (3) years before Plaintiffs filing this Complaint, other class members employed by Defendants also worked more than forty (40) hours per week in one or more individual work weeks.

22. Although Defendants scheduled Plaintiffs to work more than forty (40) hours per week, and although Plaintiffs worked more than forty (40) hours per week, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half their regular hourly rate of pay for all hours worked over forty (40) each week.

23. Defendants paid Plaintiffs their regular hourly rate for all hours worked, including hours worked more than forty (40) hours per week.

24. Defendants paid Plaintiffs for hours worked more than forty (40) hours each week in cash, at their regular hourly rate.

25. Plaintiffs' wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of their performance.

26. Neither Plaintiffs nor the class members are exempt from the overtime provisions of the FLSA or the IMWL.

27. Defendants failed to pay Plaintiffs and members of the class one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in any given workweek.

**Count I: FLSA Overtime Wages Violation (Collective Action)**

28. Plaintiffs incorporate all paragraphs above as if fully restated below.

29. Plaintiffs' FLSA collective action consent forms are attached as Exhibit A.

30. The FLSA requires that employers pay each employee one and one-half (1.5) times their hourly rate of pay (overtime wages) for all hours worked more than forty hours weekly.

31. This count arises from Defendants' failure to pay its employees all of their earned overtime wages for worked performed each week.

32. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, more than forty (40) hours per week.

33. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked more than forty (40) hours in their individual workweeks.

34. Defendants' failure and refusal to pay overtime wages for hours worked more than forty (40) hours per week violated the FLSA.

35. Defendants' failure and refusal to pay overtime wages for hours worked more than forty (40) hours per week was a willful violation of the FLSA.

36. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees over forty hours in individual work weeks;

C. Award liquidated damages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant any other relief deemed just.

### Count II: IMWL Overtime Wages Violation (Class Action)

37. Plaintiffs incorporate all paragraphs above as if fully restated below.

38. This Count arises from Defendants' failure to pay Plaintiffs overtime wages for all time worked more than forty (40) hours in individual work weeks in violation of the IMWL.

39. Defendants directed Plaintiffs to work, and Plaintiffs did work, more than forty (40) hours in individual work weeks.

40. Plaintiffs were entitled to be paid overtime wages for all time worked more than forty (40) hours in individual work weeks.

41. Defendants did not pay Plaintiffs overtime wages for all time worked more than forty (40) hours in individual work weeks.

42. Defendant's violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

44. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

45. Defendants have employed more than forty individuals in similar positions in the State of Illinois in the last three years.

46. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable. Therefore,

Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in their representative capacity, against Defendants.

47. Plaintiffs and other similarly situated persons are equally affected by Defendants' overtime wage violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

48. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

49. Plaintiffs and the proposed class of employees on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages plus penalties, interest, attorneys' fees, and costs of this lawsuit.

50. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

51. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief deemed just.

Respectfully submitted on Saturday, October 22, 2016.

_____
**Valentin T. Narvaez**
Plaintiffs' Counsel

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-878-1302
vnarvaez@yourclg.com